## SCHOOL DIRECTORS OF DISTRICT No. 2

### v.

## SAMUEL W. WALLACE.

EVIDENCE—DECLARATIONS OF DIRECTORS WHEN NOT IN OFFICE.—The declarations of an agent made out of the course of the agency, when the agent is not acting for the principal in the transaction concerning which they

are made, are not admissible against the principal. So, the declarations of school directors made after they have retired from office are not admissible against the district.

Error to the Circuit Court of St. Clair county; the Hon. W. H. Snyder, Judge, presiding. Opinion filed October 6, 1881.

Mr. Charles W. Thomas, for plaintiffs in error; that the evidence was improperly admitted, it being the declarations of an agent not made in the course of his agency, cited Jenks v. Burr, 56 Ill. 450; Mix v. Osby, 62 Ill. 193.

Mr. James M. Dill, and Mr. J. N. Perrin, for defendant in error : as to the admissibility of the evidence, cited C. B. & Q. R. R. Co. v. Coleman, 18 Ill. 297.

The suit was rightfully brought for the first installment : Hamlin v. Race, 78 Ill. 422.

Casey, P. J.    Appellee sued appellants in the Circuit Court of St. Clair county. The declaration alleges that on April 12, 1879, defendants made a contract with plaintiff, by which, in consideration that plaintiff, at defendant's request would teach the school in said district for six months, commencing October 1, 1879, defendants would pay him $50 a month therefor. That when said contract was made, plaintiff had a proper certificate covering the period named. That on said first day of October, plaintiff began to teach said school, and taught it until the —— day of the same month; that he taught it to the best of his ability and according to law, and his certificate was never revoked or cancelled; that he has been and now is ready and willing to teach school according to his contract, but defendants, without cause, on the day last aforesaid, discharged him, and thereafter refused to permit him to teach; wherefore, etc.    Declaration also contains counts for work and labor done and on account stated. To this declaration the general issue was filed, and a plea of another action pending. Replication of no other action pending; cause submitted to a jury resulting in a verdict against appellants for the sum of $175. Appellee entered a remittitur as to the sum of $25.    A

motion for a new trial was made and overruled, and judgment entered for the sum of $150. An appeal was allowed.

The only error assigned is that the court erred in overruling the motion for a new trial. One of the grounds urged by appellants in favor of a new trial, was that the court permitted improper evidence for plaintiff to go to the jury. This is the only point we propose to discuss. The plaintiff was asked on his examination this question: "Did you have any personal difficulty with any of the directors before your discharge?" Objection was made to this question, because the school directors are public officers, and if their acts are legal, their motives for which they do these acts are of no consequence. The court overruled the objection, and exceptions were taken. The same objection was made to the introduction of the statements of Bryan and Hays, two of the school directors, made on different occasions when not acting as directors or by authority of the board. The objections were overruled.

We think the court erred in allowing this testimony to go to the jury. The case of the county of LaSalle v. Simmons, reported in 5 Gilman, 515, is very much like the one now before us. Simmons sued the county of LaSalle in an action of debt, to recover back the sum of $500 paid for a ferry license. On the trial of the cause before the court, the statements of the commissioners who were acting for the county, were allowed to go in evidence against the objection of the county; several witnesses testified that they heard the successors in office of the commissioners who granted the license, declare that the plaintiff had paid the county $500, and another witness testified that he had heard one or more of the commissioners who granted the license make a similar declaration. On this state of testimony the court said the declarations of the commissioners respecting the payment of money were not competent evidence against the county. They were not made by them while officially representing the county in this transaction. The declarations of an agent, while engaged in the business of his principal, respecting a particular matter then depending, are a part of the *res gestae* of the transaction and binding on the principal; but made out of the course of the agency when

the agent is not acting for the principal in the particular transaction concerning which they are made, are mere hearsay, and not admissible in evidence against the principal.

It may be stated as a general rule, that no representations, declarations or admissions of an agent, will bind his principal, except when acting within the scope of the authority confided to him.  Story on Agency, Sec. 134; Greenleaf on Evidence, Secs. 113, 114.

It is quite enough that the people of the district should be responsible in damages for the action of the directors, when acting in an official capacity, and the law wisely so holds.  It would be a harsh rule indeed, that would hold the people responsible for the conduct and statements of these officers, when not acting in an official capacity, and when governed as they may be by prejudice, hatred and ill will, and entirely ignorant and unsuspecting of their duties, as public officers and representatives of the people.  The circuit court correctly announced the law in the instructions for appellants.  We do not express any opinion upon the merits of this case.  But for the reasons given, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.